Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>  Plaintiff,<br><br>vs.<br><br>Phoenix North Bell M6, LLC and G6 Hospitality, LLC.,<br><br>  Defendants. | No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

Pursuant to Local Rule of Civil Procedure ("Local Rule") 3.6(a) and 28 U.S.C. §§ 1331, 1441(a)(c) and 1446, Defendants Phoenix North Bell M6, LLC and G6 Hospitality, LLC ("Defendants") provide notice of the removal to this Court of <u>*Strojnik v. Phoenix North Bell M6, LLC and G6 Hospitality, LLC.,*</u> filed in the Maricopa County Superior Court, and assigned case number CV2020-055199.

**I.     INTRODUCTION**

Mr. Strojnik—a former attorney who, in 2018, was disbarred from practicing law in Arizona for filing hundreds of meritless ADA accessibility lawsuits—has now begun filing ADA lawsuits as a *pro se* litigant and seeking tort damages for barriers to accessibility that he alleges he personally encountered at Defendant's hotel and property. Mr. Strojnik has asserted a claim under the Americans with Disabilities Act ("ADA") as well as a smorgasbord of state law claims that all arise from his underlying

1  ADA claim, including negligence, negligent misrepresentation, failure to disclose,
2  consumer fraud, civil conspiracy to commit fraud, and aiding and abetting. The Court
3  has jurisdiction over the lawsuit because Mr. Strojnik's ADA claim against Defendant
4  Phoenix North Bell arises under federal law. Mr. Strojnik's civil conspiracy and aiding
5  and abetting claims against G6 Hospitality, a Delaware limited liability company, in
6  which he alleges damages exceeding $235,000, also warrants removal under diversity
7  jurisdiction removal standards. Accordingly, removal is proper.

8  **II.   THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1331 and § 1332.**
9

10  Under 28 U.S.C. § 1441(a), a defendant may remove any case over which the
11  Court has "original jurisdiction."  A district court has original jurisdiction of all civil
12  actions arising under the Constitution, laws, or treaties of the United States. *See* 28
13  U.S.C. § 1331.

14  Mr. Strojnik has asserted a claim against Defendant Phoenix North Bell M6,
15  LLC, for alleged ADA violations that exist because of, and therefore arise under, the
16  laws of the United States. See 42 U.S.C. § 12101, *et seq.*

17  Mr. Strojnik, an Arizona resident, has also asserted claims against Defendant
18  G6 Hospitality, LLC, a foreign limited liability company, the amount of controversy
19  which Mr. Strojnik asserts exceeds $75,000. Accordingly, Mr. Strojnik's claims
20  against Defendant G6 Hospitality, LLC can also be removed under 28 U.S.C. § 1332.

21  **III.   THIS NOTICE OF REMOVAL IS TIMELY**

22  A defendant may file a Notice of Removal within "30 days after the receipt by
23  the defendant, through service or otherwise, of a copy of the initial pleading setting
24  forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C.
25  § 1446(b)(1).

26  Mr. Strojnik filed this Complaint in the Maricopa County Superior Court on
27  September 23, 2020. *See* **Exhibit A**.  He filed an Affidavit of Service alleging that he
28

served Defendant G6 Hospitality, LLC on September 28, 2020 and served Defendant Phoenix North Bell M6, LLC on September 29, 2020. *See* **Exhibit B**. Accordingly, Defendant's deadline for filing a Notice of Removal is October 28, 2020. Accordingly, this Notice is timely.

### IV. DEFENDANT HAs COMPLIED WITH THE LOCAL RULE GOVERNING REMOVAL.

A copy of the entire state court record, as it existed on the date of this filing, is attached as **Exhibits C [1-5].** *See* L.R.Civ. 3.6(b). A verification of Lindsay G. Leavitt, confirming that the state court record attached as Exhibits C [1-5] are true and complete, is attached as **Exhibit D**. No motions are pending in the state court. *See* L.R.Civ. 3.6(c). Contemporaneously with this filing, a separate notice will be filed in state court with a copy of this Notice attached as **Exhibit E**. *See* L.R.Civ. 3.6(a).

### V. CONCLUSION

Because this case satisfies the requirements for being in federal district court and Defendant complied with the removal process, this case should be removed from the Maricopa County Superior Court to the U.S. District Court for the District of Arizona.

RESPECTFULLY SUBMITTED this 26th day of October, 2020.

        JENNINGS, STROUSS & SALMON, P.L.C.

        By *s/ Lindsay G. Leavitt*
           Lindsay G. Leavitt
           Jordan T. Leavitt
           One East Washington Street, Suite 1900
           Phoenix, Arizona  85004-2554
           *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

☐   I hereby certify that on October 26, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

☒   I hereby certify that on October 26, 2020, I served the attached document by E-mail on the following, who are not registered participants of the CM/ECF System:

Peter Srojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com

                                              s/  Tana Davis-Digeno