IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-20-02065-PHX-DLR |
| Plaintiff, | **AMENDED ORDER**[1] |
| v. | |
| Phoenix North Bell M6 LLC, et al., | |
| Defendants. | |

On September 23, 2020, Plaintiff filed a complaint in Maricopa County Superior Court alleging that Defendants violated the Americans with Disabilities Act ("ADA") and committed various state-law torts. (Doc. 1-3.) Defendants removed the action to this Court on October 26, 2020 because of the presence of a federal claim. (Doc. 1.) Plaintiff later moved to remand a subset of the state law claims. (Doc. 11.) That motion remains pending.

In subsequent filings with this Court, Defendants have taken the position that Plaintiff lacks Article III standing to pursue his ADA claim. (Doc. 10 at 5; Doc. 18 at 2.) Consistent with this view, other judges of this Court recently have determined that Plaintiff lacks Article III standing. *See, e.g., Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-00343-PHX-DJH, 2021 WL 50456 (D. Ariz. Jan. 6, 2021); *Strojnik v. B&L Motels Inc.*, No. CV-20-08306-PHX-SPL, 2020 WL 7350897 (D. Ariz. Dec. 15, 2020); *Strojnik v.*

---

[1] This order amends the Court's February 4, 2021 order at Doc. 22 to correct a typographical error in the last paragraph. Specifically, this order clarifies that Arizona does *not* have a counterpart to Article III's case or controversy requirement.

*Lonesome Valley Hosp. LLC*, No. CV-20-08276-PHX-SPL, 2020 WL 7041347 (D. Ariz. Dec. 1, 2020). Accordingly, on January 28, 2021, the Court issued an order directing the parties to file supplemental briefs addressing whether Plaintiff has Article III standing to pursue his ADA claim. (Doc. 20.)

Shortly after the Court issued its order, Plaintiff filed a motion styled "Motion that Defendant Prove Removal Jurisdiction." (Doc. 21.) Therein, Plaintiff states: "The grounds for this Motion are that Defendant's counsel, Lindsay Leavitt, has engaged in a deceptive and manipulative scheme of removing Plaintiff's civil rights claims from State Court to federal court when federal court does not have jurisdiction." (*Id.* at 2.) Considering both Defendants and Plaintiff agree that this Court does not have subject-matter jurisdiction over this action, the Court sees no purpose in further briefing and therefore will vacate its January 28, 2021 order.[2]

In removed cases, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit recognizes an exception to this requirement where there is "absolute certainty that remand would prove futile." *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991) (internal quotation omitted).

Arizona does not have a counterpart to Article III's case or controversy requirement. *Fernandez v. Takata Seat Belts, Inc.*, 108 P.3d 917, 919 (Ariz. 2005). Questions of standing in Arizona courts are prudential, not jurisdictional. *Id.* As such, where, as is the case here, state courts have concurrent jurisdiction over a federal claim, *see Advocates for Individuals with Disabilities LLC v. WSA Properties LLC*, 210 F.Supp.3d 1213, 1225 (D. Ariz. 2016), it is possible that an Arizona court would entertain the claim even if Article III prevents federal courts from doing so. Plaintiff has submitted state-court decisions in two similar cases he has filed, in which the Maricopa County Superior Court concluded

---

[2] Plaintiff requests that the Court issue an injunction precluding Defendant's counsel from removing cases Plaintiff files in Arizona's superior courts only to then argue that federal courts lack subject-matter jurisdiction due to an Article III standing problem. This request is denied. Plaintiff has not demonstrated that such an injunction is appropriate, or that the Court has jurisdiction to issue it.

- 2 -

that Plaintiff has standing to pursue his ADA claim, at least in Arizona's courts. (Docs. 21-1 and 21-2.) In light of these decisions, the Court does not find with absolute certainty that remand would prove futile. Therefore,

**IT IS ORDERED** as follows:

1. The Court's January 28, 2021 order is **VACATED**.
2. Plaintiff's Motion that Defendant Prove Removal Jurisdiction (Doc. 21) is **DENIED**.
3. Plaintiff's motion to remand (Doc. 11) is **DENIED** as moot.
4. This matter is remanded in its entirety to the Maricopa County Superior Court.

Dated this 4th day of February, 2021.

Douglas L. Rayes
United States District Judge